### HUGH McLAURIN v. THE STATE.

#### No. 1643. Decided April 10, 1912.

#### Rehearing Denied May 8, 1912.

**Seduction—Charge of Court—Chastity of Prosecutrix—Weight of Evidence.**

Where, upon trial of seduction, the court charged the jury that if they believed that the prosecuting witness had carnal intercourse with some other person before she copulated with defendant, to acquit him, the same assumed that defendant had copulated with prosecutrix, and was reversible error.

Appeal from the District Court of Lynn. Tried below before the Hon. W. R. Spencer.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*G. E. Lockhart* and *L. W. Dalton,* for the appellant.

*C. E. Lane,* Assistant Attorney-General, and *J. E. Vickers,* District Attorney, and *W. H. Bledsoe,* for the State.

HARPER, Judge.—Appellant was indicted, charged with the offense of seduction, was tried and convicted, and his punishment assessed at two years confinement in the penitentiary.

Appellant earnestly insists in his motion for new trial, and in his brief, that the evidence is insufficient to sustain the conviction. We have carefully reviewed the record, and find that the testimony of the prosecuting witness would make a case of seduction; that the testimony of the father and mother would tend to connect the defendant with the commission of the offense. However, the State could add materially to the strength of its case, if it was shown (if it can be done) that appellant and the prosecuting witness were both at the residence of John McLaurin at the time and on the occasion when the prosecuting witness says the first act of copulation took place. The court instructed the jury that if they believed that the prosecuting witness had carnal intercourse with some other person *before she copulated with defendant,* they would acquit him. This was in effect the court instructing the jury that appellant had copulated with the prosecutrix. Under his plea of not guilty, this was an issue of fact in the case. There could be no seduction unless there was an act of copulation, and that, too, induced by a promise of marriage.

We have gone over the record and find no other error, but on account of the error above pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Rehearing denied May 8 1912.—Reporter.]