## Zeb Ice v. The State.

### No. 5092.   Decided January 15, 1919.

**1.—Perjury—Indictment.**

Where, upon appeal from a conviction of perjury, it appeared that the motion to quash the indictment, which was in all respects good, was correctly overruled by the court below, there was no error.

**2.—Same—Charge of Court—Objections to Charge.**

Where it was evident from the court's charge as contained in the record and appellant's objections thereto, that if the charge as originally drawn contained what he objected to, that the court corrected and modified the same, there was no reversible error.

**3.—Same—Evidence—Rule Stated—Hearsay Evidence.**

Testimony is not admissible unless it affects to some appreciable extent the truth of the issue joined, which in the instant case was whether defendant swore falsely before the grand jury in a seduction case that he had been criminally intimate with the alleged prosecutrix, and where the latter testified over the objection of the defendant as to acts and conversations of her alleged seducer, which occurred in defendant's absence, etc., the same was reversible error. Following Peyton v. State, 32 S. W. Rep., 892.

Appeal from the District Court of Somervell.   Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Levi Herring,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of perjury and assessed the lowest punishment.

Appellant made a motion to quash the indictment on these grounds: It does not allege sufficient facts from which the materiality of the alleged perjured testimony could be inferred; nor that defendant testified to what is assigned as perjury; and the word "did" is omitted before the phrase "state and testify" which is essential.

The indictment is very lengthy. The alleged perjury is based on appellant's false testimony before the grand jury. It is unnecessary to copy the indictment. A sufficient statement of the averments so

as to pass on appellant's grounds to quash it can be made without copying it. All the preliminary averments as to the court, empanelment of the grand jury, that appellant was before it as a witness, and was duly sworn, are regular and full. No complaint was made against any of these matters. After these preliminary allegations were properly made the indictment alleged:

"That it became and was a material inquiry before said grand jury, and necessary for the due administration of the criminal law of the State, within said county, and particularly whether within three years, within said county, one Jim Ice, who stood charged by a complaint duly made and filed on January 29, 1917, before the proper tribunal, with the offense of seduction; in fact, had on or about August 15, 1916, committed the offense of seduction upon Sue Tuggle, an unmarried female under the age of twenty-five years, by then and there having obtained carnal knowledge and carnal intercourse with her under and by virtue of a promise of marriage to her as charged in said complaint, and for which accusation the said Jim Ice had theretofore been and was then and there held under a bail bond to await the action of said grand jury then in session and investigating the said criminal accusation against him; and it became and was then and there a material inquiry in said investigation before and by said grand jury whether said Sue Tuggle was in fact a virtuous female, and whether she had had sexual intercourse with male persons other than said Jim Ice prior to the time of the alleged seduction of her by him as charged in said complaint; and as affecting her credibility as a witness, to determine whether she had ever had sexual intercourse with any male person or persons other than the said Jim Ice; and it became and was then and there a material inquiry before said grand jury in said investigation whether he, the said Zeb Ice, had theretofore had sexual intercourse with said Sue Tuggle; 'and the said Zeb Ice did, on the day and date first hereinbefore named (April 17, 1917), in said county, before and to said grand jury, under the sanction of said oath administered to him as aforesaid, wilfully and deliberately state and testify, among other things, that he, the said Zeb Ice, had had carnal intercourse with the said Sue Tuggle as many as seven times, that the first of which times was long prior to the time of the alleged seduction of her, the said Sue Tuggle, by the said Jim Ice as charged in the complaint aforesaid, and that one of the said seven times that he had had sexual intercourse with the said Sue Tuggle, as previously testified by him, the said Zeb Ice, as aforesaid, occurred one day during the protracted meeting at Cottonwood (meaning a religious revival meeting held at a certain schoolhouse in a neighborhood in said Somervell County, Texas) last summer, in August, and that at said time and occasion "Gray" Hart (meaning a boy named Grady Hart) caught us one time in the act (meaning that said boy Grady Hart had seen him, the said Zeb Ice and the said Sue Tuggle having sexual intercourse at said last named time and occasion before mentioned)'; whereas, in truth and in fact he, the said Zeb Ice, had

not had sexual intercourse with the said Sue Tuggle as many as seven times, and in truth and in fact he, the said Zeb Ice, had not had sexual intercourse with the said Sue Tuggle prior to the time that said Jim Ice was accused of having seduced the said Sue Tuggle as aforesaid, and in truth and in fact the said Zeb Ice had not had sexual intercourse with the said Sue Tuggle at any time or place; and in truth and in fact he, the said Zeb Ice, did not have sexual intercourse with the said Sue Tuggle during the protracted meeting at Cottonwood as aforesaid last summer in August, nor at any other time; and in truth and in fact the said Gray Hart (meaning Grady. Hart, the boy above mentioned) did not catch them, the said Zeb Ice and the said Sue Tuggle, in the act of sexual intercourse during said protracted meeting at Cottonwood nor at any other time or occasion; which said testimony so given and statements so made by him, the said Zeb Ice, before and to said grand jury as aforesaid, and each and all of them, were and are wilfully and deliberately false and untrue, and the said Zeb Ice then and there well knew that the same, and each and all of them, were false and untrue when he made and testified to the same as aforesaid."

It is so plain and clear from the allegations in the indictment that neither of appellant's grounds to quash it are well taken, that it is unnecessary to discuss either of his objections. The court did not err in overruling his motion to quash. The indictment was clearly sufficient as against each and all of his objections thereto.

The court gave a full, correct and apt charge covering every issue raised by the testimony. The appellant filed some objections to the court's charge .wherein he says that he "now requests the court to correct and modify said general charge": then he specifies five separate grounds or particulars. But he took no bills of exception to the court's failure or refusal to modify and correct his general charge in any of the said particulars, which would be necessary. It is perfectly evident from the court's charge as contained in the record, and appellant's objections thereto, that if the charge as originally drawn contained what he objected to, that the court did correct and modify it so as to meet some, if not all, of his objections. All of his objections where proper were completely corrected and modified by the court's charge.

Appellant has several bills of exceptions to the introduction of certain items of testimony. None of them are full enough to show any error by the court's ruling, and under the rules they can not properly be considered, but, even if they could, none of them present any reversible error. One of the grand jurors, as one of the bills shows, testified that when appellant was before the grand jury and testified, that the grand jury made a written record of part but not all of his testimony. The court did not err in permitting this grand juror to testify to what appellant orally testified in full before the grand jury as shown by this bill. The perjury was predicated not upon the written record of only a part of appellant's testimony before the grand jury, but was predicated upon his testimony as to the material matters al-

leged in the indictment which were testified to by him orally before the grand jury. There was no claimed conflict between the partial written statement and his oral testimony. Both his written testimony and the oral testimony would have been admissible just as if two separate and distinct witnesses could testify as to any given fact, or as material testimony of a given witness could be introduced, and, in addition, a written admission or statement by the accused himself.

His other bills are very meager, and claim that certain brief items of testimony by the witness Sue Tuggle, which all tended to show, and did show, that Jim Ice had seduced her under a promise of marriage, and had thereby obtained carnal intercourse with her, were inadmissible. As explained and qualified by the court all this testimony was admissible for the purpose of establishing that said Jim Ice, in whose case Zeb Ice was testifying, had seduced her.

The evidence as a whole clearly establishes appellant's guilt. In fact, all of the allegations in the indictment were completely proven by the necessary proof as required by the statute.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### January 15, 1919.

LATTIMORE, JUDGE.—This case is before the court upon appellant's motion for rehearing.

Appellant's first contention is that the indictment is insufficient. We think the indictment is in all respects good. We overrule all of the appellant's assignments of error except those complaining of the court's action in permitting the testimony of the witness Sue Tuggle.

This is a case in which appellant was indicted for giving false testimony before the grand jury which was investigating a charge against a certain other person for the alleged seduction of Sue Tuggle. Appellant testified on that investigation as to his own criminal relations with the prosecutrix.

Testimony is not admissible except it affects, to some appreciable extent, the truth of the issue joined, which in this case was whether or not, ofrbee a grand jury investigating a seduction case, Zeb Ice told the truth when he said that he himself had been criminally intimate with the alleged prosecutrix. The young woman was permitted to testify over the objection of appellant as to the acts and conversations of her alleged seducer in the consummation of that offense, and to the birth of her baby, it not being claimed that appellant was present at or in any way connected with any of these matters testified about.

We are unable to see how this testimony shed any light on appellant's guilt or innocence, and it was prejudicial. This identical question has been before this court in the case of Peyton v. State, 32 S. W. Rep., 892, and evidence similar held inadmissible in an opinion by the late

lamented Judge Henderson. We agree to the correctness of his reasoning and the soundness of his judgment.

The motion for rehearing is granted; the case reversed and remanded.

*Reversed and remanded.*