W. H. SLAUGHTER v. THE STATE.

No. 5451.   Decided January 21, 1920.

Rehearing denied February 18, 1920.

**1.—Seduction—Charge of Court—Accomplice—Corroboration.**

The corroboration under article 789, C. C. P., is intended to go to both the promise of marriage and the carnal knowledge, and it is the right of the accused to have the jury so instructed. Following Woolley v. State, 50 Texas Crim. Rep., 214, and other cases. ·

**2.—Same—Accomplice—Corroboration—Promise of Marriage—Intercourse.**

Upon trial of seduction, the conviction cannot be sustained upon the testimony of the alleged female unless the same is corroborated by other evidence tending to connect the defendant with the offense charged, under article 789, C. C. P., and this has reference to both the promise of marriage and the sexual intercourse. Following: Ice v. State, 84 Texas Crim. Rep., 418, 208 S. W. Rep., 344, and other cases.

**3.—Same—Other Jurisdictions.**

In many of the states the rule as to corroboration is extended to other elements of proof, but in all of them the corroboration must be furnished

of the evidence of promise of marriage and the fact of sexual intercourse. Following: Allen v. State, 19 Am. & Eng. Ann. Cases, 869, and other cases.

4.—Same—Rule Stated—Carnal Knowledge—Promise of Marriage.

To connect the accused with the offense, it is essential that he be connected with both the carnal knowledge and the promise of marriage, and unless these concur there is no offense. Following: Wright v. State, 31 Texas Crim. Rep., 359.

5.—Same—Rule Stated—Charge of Court—Carnal Knowedge—Promise of Marriage.

Since a conviction cannot 'be sustained without corroborative evidence tending to connect the accused with a marital contract and carnal knowledge, it is obvious that the jury should be told in the charge of the court that such corroborative facts, though they may be shown by circumstances, are essential as a predicate for conviction, and this is required by statute, especially where demand for more specific instructions is made as in the instant case. Distinguishing: Murphy v. State, 65 Texas Crim. Rep., 55, 143 S. W. Rep., 618.

6.—Same—Conflict of Decision—Corroboration—Rule Stated.

The cases holding that the court is not required on appellant's proper suggestion to instruct the jury that the corroboration must point to the carnal knowledge and the promise of marriage, were decided by a divided court; they conflict with the rule e. 'bli'hed by the earlier cases, and are out of harmony with the judicial ᴜᴩᴉnions in other jurisdictions, and are inconsistent with the rule of this court relating to the sufficiency of the evidence in like cases.

7.—Same—Charge of Court—Rehearing.

The complaint of the charge of the Court because it omitted to state that the corroboration is not sufficient if it merely shows the commission of the offense, is not well taken, under article 789, C. C. P.

Appeal from the District Court of Hale. Tried below before the Hon. R. C. Joiner, judge.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Kiner & Russell* and *Geo. L. Mayfield,* and *Bouldin & Surles,* for appellant.—Cited: Putnam v. State, 16 S. W. Rep., 97; Barnes v. State, 39 id., 684; Spenrath v. State, 48 id., 192 Simmons v. State, 54 Texas Crim. Rep., 619, 114 S. W. Rep., 841.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE,—The conviction is for seduction, and the principal question requiring consideration is the correctness of the court's action in refusing, in response to appellant's request, to amend his charge on the subject of corroboration of the testimony of the woman charged to have been seduced.

Our statute declares: "If any person by promise to marry shall seduce an unmarried female under the age of twenty-five years, and shall have carnal knowledge of such female, he shall be punished," etc. "The term 'seduction' is used in the sense in which it is commonly undertood." P. C., Arts. 1147-1148. "No conviction can be had upon the testimony of the female unless the same is corroborated by other evidence tending to connect the defendant with the offense charged." C. C. P., Art. 789.

Appellant insists that the corroboration intended should go to both the promise of marriage and the carnal knowledge, and that in a proper case, upon timely and adequate request, it is the right of the accused to have the jury so instructed. The correctness of this proposition has been affirmed by this court on several occasions.

In the case of Woolley v. State, 50 Texas Crim. Rep., 214, the court expressly held good an exception to the charge on the ground that it failed to advise the jury in substance that the corroboration was incomplete unless it tended to support the evidence of the injured female to the marital contract and the act of intercourse. The court stated: "It is necessary in a case of this character that the prosecutrix be corroborated both as to the marital contract and the intercourse with the seducer." The same proposition in substance is announced in Barnard v. State, 76 S. W. Rep., 475 and Keaton v. State, 83 S. W. Rep., 911. We are aware of no instance in which a conviction for this offense has been sustained in which the injured female was a witness, and in which there was not corroboration tending to show the connection with the accused on trial with the promise of marriage and the carnal knowledge. The cases do not disclose that the question is a debatable one, but analyze the evidence on the assumption that the verdict could be supported only in the event that there was other evidence than that of the female tending to prove the connection of the accused with both the promise of marriage and the sexual act. Note Bailey v. State, 36 Texas Crim. Rep., 545; Anderson v. State, 39 Texas Crim. Rep., 87; Bernard v. State, 48 Texas Crim. Rep., 111; Hinman v. State, 59 Texas Crim. Rep., 27, 127 S. W. Rep., 221; Spenrath v. State, 48 S. W. Rep., 193; Beeson v. State, 60 Texas Crim. Rep., 39, 130 S. W. Rep., 1006; Ice v. State, 84 Texas Crim. Rep., 418, 208 S. W. Rep., 344; Williams v. State, 60 Texas Crim. Rep., 39, 128 S. W. Rep., 1120; Gorzell v. State, 43 Texas Crim. Rep., 84; Wright v. State, 31 Texas Crim. Rep., 359, from which case we quote:

"As to the sufficiency of the testimony we think the witness is amply corroborated as to the promise of marriage and the illicit intercourse. Corroborative evidence need not be direct and positive. or such evidence as is sufficient to convict, independent of that of the prosecutrix, but simply such facts or circumstances as tend to support her testimony, and shall satisfy the jury she is worthy of

credit.    And when there is other testimony fairly tending to support the prosecutrix upon facts essential to constitute the offense, it is for the jury to say whether she is corroborated.''    The State v. Timmens, 4 Minn., 325.

The statute in Minnesota says:    ''No conviction shall be had upon the testimony of the female seduced unsupported by other evidence,'' and from the case cited we take the following:

''A conviction cannot be had under this statute upon the testimony of the woman seduced unless she is corroborated upon every material point necessary to the perfection of the offense, namely, the promise of marriage, the seduction under such promise, the previous chaste character.''

In this State the chastity is presumed; and the accused is presumed innocent, and to overcome this presumption in his favor, evidence must be at hand proving an offense has been committed, and if this proof comes in a seduction case from the injured female, then under the statute he cannot be convicted upon her testimony unless it is corroborated by other evidence tending to connect the defendant with the offense.    The same statute as ours is in force in Oklahoma and in its construction by the courts of that state, the following language is used:

''Now, there are but two things that he is charged with doing, namely, promising to marry the prosecutrix, and having illicit connection with her.    The other two elements of the effense go to the character of the person protected by the law, namely, an unmarried female, and one of chaste character.    With these two elements the defendant is in no way connected; no action of his brings about either condition; but her evidence alone is not sufficient to establish such promise, and if he has had illicit intercourse with her, this act also connects him with the offense, and the evidence of the female with whom the intercourse was had is not sufficient to prove such fact.    Hence, we think the purpose of the statute is to require the prosecutrix to be corroborated on the promise of marriage and the illicit intercourse, and not upon the elements that go alone to her characteristics.''    Harvey v. Terr., 11 Okla. Rep., 156;    65 Pacific Rep., 837.

In practically all of the states of the Union the legislatures have seen fit to enact a statute in substance like ours, qualifying the effect of the testimony of the seduced female.    This, we think, is not because she is an accomplice; she is rather the victim of crime than its perpetrator.    As said by Judge Davidson in Nash v. State, 61 Texas Crim. Rep., 287:

''The law of seduction does not proceed upon the idea that the alleged seduced female is a *particeps criminis,* but regards her more in the light of a victim who has been overreached, seduced and debauched by and through deceptive wiles and promises of the seducer, and one who would not have surrendered her virtue but for such

deception. This aids the legal presumption of chastity. But the fact remaining that she is no longer a chaste woman, and as being one who has fallen, without reference to the means used— she having consented, imputes to her that want of moral stamina which would prevent her from being governed by revenge or resorting to any means by which her social condition would or could be bettered. The law regards the danger in which any man might be placed, though entirely innocent, if the same weight and credit be given to the testimony of a woman of that kind as to one whose moral character had not been corrupted to such extent as to cause her to part with her virtue. Hence, the law requires corroboration as a protection against her wiles, interests, or revenge, or other motive.''

Whether this reasoning be accepted or not, the fact stands out that this State and nearly all others in our country have recognized that there was some sound reason or modifying the effect of the testimony of the woman thus situated, and the duty of the courts to give effect to this modification when its scope is ascertained is manifest. On this point the Supreme Court of Mississippi, in Ferguson v. State, 71 Miss., 805, construing a statute that 'the testimony of the female seduced alone shall not be sufficient to warrant conviction'' held ''when she is supported as to the promise of marriage and the act of sexual intercourse—the two great fundamental essentials—the corroboration, we think, will be sufficient.''

In many of the states the rules as to corroboration is required to go to the other elements of proof, and in all of them having a statute in substance like ours, so far as our examination goes, the corroboration must be furnished of the evidence of the promise of marriage and the fact of sexual intercourse. See note in Allen v. State, 9 Amer. & Eng. Annotated Cases, p. 869; see also Nichols v. State, (Ark.) 122 S. W. Rep., 1004; Russell v. State, 77 Neb., 519; Kenyon v. People, (N. Y.), 84 Amer. Decisions, 177; Smith v. State, 84 Iowa Rep., 522; State v. Turner, 82 S. C. Rep., 278. In Mills v. Commonwealth, 93 Va. Rep., 815, the holding was that an instruction to the jury to the effect that the corroboration must go to the promise of marriage and the act of intercourse was necessary.

Our reports are replete with cases in which it is made clear that this court would not permit a verdict of conviction to stand where the offense was proved by the seduced female, and there was an absence of evidence aside from her own tending to show that the accused had promised to marry her. Fine v. State, 45 Texas Crim. Rep., 291; Snodgrass v. State, 31 S. W. Rep., 366; Simmons v. State, 54 Texas Crim. Rep., 625; Muhlhause v. State, 56 Texas Crim. Rep., 288, and other Texas cases listed above. So definite proof of the marital contract in the absence of legal proof of the carnal knowledge is futile in establishing the offense, Mc-

Lauren v. State, 66 Texas Crim. Rep., 251, 146 S. W. Rep., 557.
To connect the accused with the offense, it is essential that he be
connected with both the carnal knowledge and the promise of mar-
riage. Unless they concur there is no offense. The facts tending to
corroborate the prosecutrix may be meager, and consist alone of
circumstances. Wright v. State, 31 Texas Crim. Rep., 359. The
nature of the offense is such that it is necessary to accept slight
circumstances for the purpose of corroboration, but the jury ought
to know what the law demands. They must decide what corroborat-
ing evidence is true, and its efficiency in meeting the measure of the
law. Since the courts will not sustain a conviction without corrobor-
ative evidence tending to connect the accused with the marital con-
trast and the carnal knowledge, it seems obvious that the jury should
be told that such corroborative facts are essential as a predicate for
conviction. Such an instruction is not an extension of the statute be-
yond its terms. The statute limits the effect that may be given the
testimony of the female, but it does not define the terms in which
a charge shall be framed.

The other evidence outside of that of the woman was circumstan-
tial, but it tends to connect the appellant with the promise of mar-
riage and the carnal knowledge, and its efficacy for the purpose
of corroboration was for the jury. The court instructed the jury
in substance, as was done in Murphy v. State, 65 Texas Crim. Rep.,
55, 143 S. W. Rep., 618. This, in the absence of a timely demand
for more specific instruction, was sufficient; but in response to such
demand—which was made in this case—the charge should have
been supplemented so that in appropriate language the jury would
be made to understand that the corroboration would be insufficient
unless it tended to connect the appellant with the promise of mar-
riage and the carnal knowledge charged.

There are decisions expressing a contrary view, note Slaughter v.
State, 76 Texas Crim. Rep., 157, 174 S. W. Rep., 582, and others
found in Vernon's Texas Penal Code, p. 934. In many of these
cases Nash v. State, 61 Texas Crim. Rep., 259 is referred to. The
controversy in that case was around the sufficiency of the cor-
robating evidence, and the conclusion finally reached by the major-
ity of the court was that the evidence other than that of the
injured female was sufficient to corroborate her testimony to the
marital contract and the carnal knowledge. See expressions to this
effect of Ramsey, Judge, page 272, and McCord, Judge, page 283.
In the course of the discussion, however, the correctness of the rule
contended for by appellant herein was supported in some of the
opinions, and combatted in others. The opinions in that case are
valuable in there bearing on the sufficiency of the corroborating
facts, and the manner of their proof, but inasmuch as the question
decided in the majority opinions was not one relating to the charge

to the jury, the case cannot be regarded as a controlling authority upon that subject.

The cases holding that the court is not required, on appellant's proper suggestion, to instruct the jury that the corroboration must point to the carnal knowledge and the promise of marriage, were decided by a divided court; they conflict with the rule established by the earlier cases, are out of harmony with the judicial opinions in other jurisdictions, and are inconsistent with the rule of this court relating to the sufficiency of the evidence in like cases. Our conception of the legislative intent and meaning in the enactment of Article 789, C. C. P., is that the conviction upon the testimony of the woman alleged to have been seduced is forbidden unless there is other evidence *tending* to prove the accused is guilty of the offense charged. It is not required, of course, that the corroborative evidence be of such force as to establish, in and of itself, the defendant's guilt. But there can be no conviction on the testimony of the prosecutrix alone. There must be additional evidence probative of the offense, and therefore of those acts of the defendant constituting it, namely, the act of intercourse and inducing the intercourse by promise of marriage.

There are some additional questions raised referring to matters which are not likely to arise upon another trial.

For the reasons herein stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

February 18, 1920.

MORROW, JUDGE.—Appellant in one of his bills of exceptions complains of the court's charge because it omitted to state that "the corroboration is not sufficient if it merely shows the commission of the offense." This language is used in Article 801, relating to accomplice testimony. It is not used in Article 789, which has reference to, and in our opinion controls, the qualification put by law upon the testimony of the females charged to have been seduced, and we think the criticism of the charge mentioned is not well taken.

*Overruled.*