## B. B. (Wm.) Clark v. The State.

No. 9413.   Delivered November 4, 1925.

Rehearing denied December 16, 1925.

**1.—Incest—Evidence—Held Sufficient.**

In this case the appellant was tried and convicted for incest with his 18 year old daughter. Her testimony of incestuous relations with her father is positive, and convincing. The fact that she and her father slept together in one bed, and other incriminative testimony is held sufficient corroboration of her testimony and the cause is affirmed.

ON REHEARING.

**2.—Same—Evidence—Corroboration Sufficient.**

Appellant insists on rehearing that the corroboration of prosecutrix is not sufficient. With this contention, after a careful examination of the record, we are unable to agree. There were many facts and circumstances testified to by other witnesses than the prosecutrix, which are deemed sufficient corroboration of her testimony. The extent of the corroboration necessary, is a question largely for the jury, and the motion for rehearing is overruled.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for incest, penalty ten years in the penitentiary.

The opinion states the case.

*E. H. Wicks,* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for incest with his 18-year-old daughter, Thelma Clark, punishment having been assessed at confinement in the penitentiary for ten years.

No exceptions were taken to any proceeding during the trial and no objection was made to the court's charge. In the motion for new trial appellant questions the sufficiency of the evidence to corroborate Thelma Clark whom the court recognized as an accomplice and so charged the jury. Her testimony is positive to the incestuous relation maintained by appellant with

her. The family occupied a two-room house. The evidence, other than from the daughter, shows that she and her father slept together in one bed and her mother and younger sisters in another bed. The two boys slept upon a pallet upon the floor. One of the boys testified to incriminative circumstances. Appellant's wife, though present at the trial, was not called as a witness by appellant. Circumstances testified to by other witnesses are sufficient we think to meet the requirements of the law relative to the corroboration of the accomplice witness. We deem it unnecessary to set out the facts at length.

The judgment is affirmed. *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant courteously but urgently insists that the evidence is not sufficient in the matter of corroboration of the prosecutrix. As best we can we have weighed and sifted the testimony. The girl testified to a number of acts of intercourse with her father. She said that according to her best recollection the acts took place in the daytime. The closest neighbor to appellant, living a few hundred yards away, testified that quite frequently appellant's wife and all the smaller children would go out to pick cotton, leaving appellant and prosecutrix at the house. On such occasions the witness swore that after the mother and other children had gone, a curtain would be hung over the window where the beds were and that at times ranging from thirty minutes to an hour afterward appellant and prosecutrix would come out and together go to some place where they would pick cotton. The undisputed proof shows that appellant and prosecutrix slept together. Human experience must be of use to a jury in determining matters of this kind. Why would the appellant and prosecutrix when left alone in the house put a curtain over the window in the bed room, thus obstructing the view of the bed? The extent of the corroboration necessary is a question largely for the jury. The girl swore to the fact of frequent intercourse in the daytime. We are not able to believe that the situation testified to by other people did not corroborate her, and the motion for rehearing will be overruled.

*Overruled.*