STEVE TOMCZACK V. THE STATE

No. 9979.    Delivered March 10, 1926.

**Seduction—Accomplice—Corroboration of Prosecutrix—Held Sufficient.**

Where, on a trial for seduction, the prosecutrix testifies to the act of intercourse with appellant and his promise of marriage, and her testimony is fully corroborated circumstantially by other witnesses, the act of intercourse having been admitted on the trial by appellant, the cause must be affirmed. Following Wright v. State, and other cases cited.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for seduction, penalty two years in the penitentiary.

The opinion states the case.

On the sufficiency of the corroboration of the prosecutrix, the State cites Wright v. State, 20 S. W. 756; Anderson v. State, 45 S. W. 15; Halbadier v. State, 220 S. W. 85; Klepper v. State, 223 S. W. 486; Rhea v. State, 275 S. W. 1021; Clark v. State, 277 S. W. 690.

*Harry C. Gerlach* and *B. L. Palmer* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in Criminal District Court of Harris County of seduction; punishment, two years in the penitentiary.

No brief is on file for appellant. There are no bills of exception in the record. The only question is the sufficiency of the testimony. There was no controversy over the fact that appellant had intercourse with prosecutrix; in fact, he admitted it on the stand. Prosecutrix was twenty years old, an unmarried woman, and pregnant at the time of trial, which was in October, 1925. She testified that she had been engaged to appellant more than two years, during which time he kept company with her constantly; that about the first of June, 1925, they decided on the date of their marriage as August 31st of said year. That a few days after fixing this date, at the persuasion and solicitation and urgence of appellant, she had partial intercourse with him. Some days later they had a complete act, followed by another. That in July her sickness did not come upon her and she informed appellant that she was pregnant and that he told her not to worry, because they were going to get married on the last day of August anyhow.

The State introduced the brother of the prosecutrix, who testified that he knew of appellant's constant association with prosecutrix and knew they were engaged to be married. The State also introduced a young woman who roomed with prosecutrix, and she testified to the constant association between appellant and prosecutrix and that she knew they were engaged to be married. The brother of prosecutrix testified that in July, 1925, after being informed by his sister of her condition, he went to see appellant and told him he understood that he had gotten his sister in bad and that she was going to be a mother; that appellant admitted it, saying, "Yes, I know I did, but I was going to marry her anyway, so I am going to marry her Monday." The Monday referred to would be August 31st.

We think these facts sufficient to corroborate prosecutrix in her testimony that the carnal intercourse was had upon promise to marry. The State in its brief cites Wright v. State, 20 S. W. Rep. 756; Anderson v. State, 45 S. W. Rep. 15; Halbadier v. State, 220 S. W. Rep. 85; Klepper v. State, 223 S. W. Rep. 468; Rhea v. State, 275 S. W. Rep. 1021; Clark v. State, 277 S. W. Rep. 690. There are many other authori-

ties which might be referred to. This court has so often expressed itself upon the subject of the corroboration necessary in such cases, that we deem it sufficient to refer to the authorities.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*