### Roy Curry v. State.

#### No. 1953. Decided November 20, 1912.

**1.—Seduction—Reproduction of Testimony.**

Upon trial of seduction, there was no error in admitting in evidence the written testimony of the prosecutrix who had been cross-examined by the defendant and who had since died, said testimony having been taken down in the examining trial and the substance thereof written down.

**2.—Same—Evidence—Circumstantial Evidence.**

The fact that the prosecutrix was unmarried at the time of the alleged seduction may be shown by circumstances as well as by direct testimony.

**3.—Same—Evidence—Corroboration.**

Where, upon trial of seduction, the testimony of the prosecutrix was not corroborated as required by law, the conviction could not be sustained. See opinion as to what character of corroborating testimony is necessary in cases of seduction.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of seduction; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham,* for appellant.—On question of corroboration: Nash v. State, 61 Texas Crim. Rep., 259, 134 S. W. Rep., 709; Sim-

mons v. State, 54 Texas Crim. Rep., 619, 114 S. W. Rep., 841; Barclay v. State, 62 Tex. Crim. Rep., 323, 137 S. W. Rep., 118.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted for seducing Belle McFarland, an unmarried woman under the age of twenty-five years, charged to have been committed on or about January 15, 1910, and given the lowest penalty.

Soon after the crime was alleged to have been committed, an examining trial was held at which appellant was present and heard and cross-examined the State's witnesses. Belle McFarland testified on that trial and the substance of her testimony was taken down in writing which she signed, all of which was identified and introduced on this trial. We know that the practice in taking down the testimony on such examining trials is to give the substance only, and not the details of the witness' testimony. That seems to have been done in this case. After this testimony was taken down and after the indictment was found in this case, the said girl died. Her evidence on this examining trial as thus taken down was proven up and introduced on the trial of this case. Her mother and sister also testified. No other member of the family did so. The record shows that the case was not fully developed. As an illustration, no direct proof was made that the girl was unmarried. This, if true, could have been so easily proven by the mother and sister, and doubtless many others, that it is strange the record does not disclose that it was. However, this can be proved by circumstantial as well as direct testimony, like any other fact. The appellant did not testify. He introduced several witnesses who testified that Belle McFarland had stated to them that she had sworn falsely in previous trials in several particulars. They also testified that her general reputation for chastity was bad at a time long after the alleged seduction. None of them attempted to testify that that was her reputation at the time or about the time of her charged seduction. It was also disclosed by this testimony that none of these parties disclosed the fact, if so, that the girl had stated to them that she had sworn falsely, or said anything about this to anyone until after the death of the girl. Of course, on the trial, she, being dead, had no opportunity to explain or deny any of this. It was disclosed, however, that these claimed statements by her were made after the appellant had been seen to be with her shortly before these witnesses claim she made such statements to them.

The only ground of complaint by appellant of this conviction is that the testimony is insufficient to sustain the verdict. This is contended on several grounds. We doubt if appellant's contention is well taken, save and except on one ground only,—that is, that the testimony of Belle McFarland was not corroborated, as required by

law. We sustain appellant's contention on that point, and on that point alone will reverse and remand this cause.

It is unnecessary to discuss or detail the evidence. Probably it is not proper to do so. However, we do say that the law is that the testimony of the injured party in cases of this character does not have to be corroborated in each and all of the necessary elements of the offense and that the corroborative evidence may be slight and that the requirements of the statute are fulfilled if there be any corroborating evidence which, of itself, tends to connect the accused with the commission of the offense. Such corroboration only is necessary as is sufficient to satisfy a jury, beyond a reasonable doubt, of the truth of the charge in connection with the testimony of the accomplice. Nourse v. State, 2 Texas Crim. App., 304; Jones v. State, 4 Texas Crim. App., 529; Toomey v. State, 5 Texas Crim. App., 163; Simms v. State, 8 Texas Crim. App., 230; Clanton v. State, 13 Texas Crim. App., 139; Moore v. State, 47 Texas Crim. Rep., 415; Nash v. State, 61 Texas Crim. Rep., 264; Williams v. State, 59 Texas Crim. Rep., 347; Bost v. State, 64 Texas Crim. Rep., 464, 144 S. W., 589; Murphy v. State, 143 S. W., 616. It is needless to cite other cases. This must necessarily be the law and the proper construction of the statute in cases of this character, for acts of intercourse between persons are always as secret and private as can be, and under such circumstances as the parties believe will prevent their detection or even suspicion at the time. Also, engagements of young persons to marry are made in private and in secret between them and very generally, if not entirely, the fact of engagement for at least some length of time, is kept as privately and secretly between them as can well be. Therefore, proof in the nature of these things, generally, can not be made other than by the testimony of the accomplice corroborated by such circumstances as to time and place, opportunity and the course of dealing or treatment between the parties along about the time,—such as the man being the accepted suitor, devoting his attention at the time to the girl, so recognized and understood by her family, his frequent attendance upon her, the fact, if so, of his exclusive attentions to her, and the attention of no other man to her during the time and such like matters. Yet, in this case the evidence was not developed sufficiently so that we can hold, as a matter of law, the evidence was sufficient to corroborate the prosecuting witness. These matters may be developed on another trial of the case sufficiently to authorize the jury to find and believe that the accomplice is corroborated as required by law.

For the want of this, as stated above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*