ED. DE ROSSETT v. THE STATE.

No. 3150. Decided June 3, 1914.

Rehearing denied June 26, 1914.

**1.—Seduction—Corroboration—Sufficiency of the Evidence.**

Where, upon trial of seduction, the testimony of prosecutrix was sufficiently corroborated and together with all the testimony in the case was sufficient to sustain the conviction, there was no error on that ground.

**2.—Same—Rule Stated—Corroboration—Promise of Marriage—Intercourse.**

While there are many loose expressions in the books to the effect, in substance, that the prosecutrix in a case of seduction must be corroborated both in respect to the act of intercourse and a promise of marriage, this is not the law. Following Nash v. State, 61 Texas Crim. Rep., 259.

### 3.—Same—Corroboration—Rule Stated.

In seduction cases, the corroboration must tend to connect the defendant with the commission of the offense, and the statute does not say in what this corroboration shall consist, but it is not required that every constituent element of the offense as testified to by the accomplice must be corroborated. Following Williams v. State, 59 Texas Crim. Rep., 347.

### 4.—Same—Corroboration—Rule Stated.

The prosecutrix in a case of seduction is corroborated whenever there are any facts or circumstances that tend to show that the defendant committed the offense, and whenever the court attempts to enlarge upon this rule by laying down a rule as to what particular issues of the case shall be corroborated, he is in error.

### 5.—Same—Circumstantial Evidence.

It can no longer be doubted that it is the law that both the act of intercourse, and the promise of marriage can be established by circumstantial evidence. Following Nash v. State, supra.

### 6.—Same—Rule Stated—Corroboration.

The law is that the testimony of the injured party in cases of this character does not have to be corroborated in each and all of the necessary elements of the offense, and that the corroborative evidence may be slight, and that the requirements of the statutes are fulfilled, if there be any corroborating evidence which of itself tends to connect the accused with the commission of the offense. Following Curry v. State, 68 Texas Crim. Rep., 262, and other cases.

### 7.—Same—Accomplice—Charge of Court.

Where, upon trial of seduction, the court gave a correct charge on accomplice testimony, and required the testimony of the prosecutrix to be corroborated in accordance with the statute, there was no error.

### 8.—Same—Requested Charge—Letter—Corroboration—Singling Out Testimony.

The court is not authorized to single out testimony and charge thereon any more against the State than against the defendant, and there was no error in refusing a special requested charge in which the jury were instructed with reference to a certain letter by defendant to the prosecutrix and that this was not sufficient corroboration, etc. Distinguishing Bishop v. State, 68 Texas Crim. Rep., 559.

### 9.—Same—Birth of Child—Alibi.

Where, upon trial of seduction, there was evidence that the prosecutrix was delivered of a child within the usual period of gestation or probably a little sooner, and that defendant had access to prosecutrix, the contention that he could not be the father of the child was not borne out by the record, and, at all events, the matter was properly submitted to the jury who found against the defendant.

### 10.—Same—Trial of Court—Objections.

Where defendant's objection to the court's charge on accomplice testimony and the refusal of his requested charge thereon was fully considered and passed on by this court, appellant can not complain.

### 11.—Same—Rehearing—Stating Facts in Opinion.

Where the mistake as to the date of intercourse was not stated correctly in the opinion, but this mistake did not affect the question discussed and decided, there was no error.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. R. Stubblefield,* for appellant.—On question of refusing requested charge on accomplice testimony and corroboration: Smith v. State, 58 Texas Crim. Rep., 106; Rogers v. State, 141 S. W. Rep., 491; Bishop v. State, 68 Texas Crim. Rep., 559, 151 S. W. Rep., 821, and cases stated in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for seducing Miss Weems and his punishment assessed at five years in the penitentiary.

The testimony of Miss Weems, if believed and corroborated, clearly made out the offense against the appellant. There were many facts and circumstances besides some positive testimony corroborating her tending to connect him with the offense.

Seduction by our statute, article 1447, Penal Code, is: "If any person, by promise to marry, shall seduce an unmarried female under the age of twenty-five years, and shall have carnal knowledge of such female, he shall be punished," etc.

Article 789, Code Criminal Procedure, is: "In prosecutions for seduction . . . the female alleged to have been seduced shall be permitted to testify; but no conviction shall be had upon the testimony of the female, unless the same is corroborated by other evidence tending to connect the defendant with the offense charged."

In the case of Nash v. State, 61 Texas Crim. Rep., 259, Judges Ramsey and McCord, then of this court, both delivered very elaborate, able and exhaustive opinions, which were approved by this court and many times, and in many cases since then, have been cited with approval. In discussing said article 1447, Penal Code, Judge Ramsey, in that case, said: "This statute has been construed, and properly so, to apply only to a woman previously chaste. Therefore, in order to establish the crime of seduction, four things must be shown: First, that the person claimed to be seduced is an unmarried female under the age of twenty-five years; second, that she is chaste; third, that she submitted to carnal intercourse with the person charged, and fourth, that this intercourse was obtained by promise to marry upon which the prosecutrix relied. Now, while there are many loose expressions in the books to the effect, in substance, that the prosecutrix must be corroborated, both in respect to the act of intercourse and the promise of marriage, this is not the law, and never was the law. The statute no more requires corroboration in respect to the act of intercourse or to the promise of marriage than it does in respect to the age of prosecutrix, or to her previous chaste character."

In discussing said article 789, Code Criminal Procedure, he quoted

from Williams v. State, 59 Texas Crim. Rep., 347, as follows: "The statute is general that the accomplice must be corroborated by other testimony tending to connect the defendant with the commission of the offense. The statute does not say in what this corroboration shall consist. If the testimony other than that of the accomplice should make out a complete offense, it would not be necessary to use the accomplice's testimony. Hence the law wisely provided that the corroboration must tend to connect the defendant with the commission of the offense, and to require that every constituent element of the offense as sworn to by the accomplice must be corroborated would be requiring of the State an impossibility." He then cited and quoted from many other authorities, including many decisions of this court, clearly establishing the doctrine announced quoted above.

In the opinion of Judge McCord, which was adopted in that case by this court in an opinion by Judge Harper, Judge McCord also clearly and specifically announces the same principles of Judge Ramsey above, and elaborately discussed many authorities clearly so holding and from all these authorities from this State and the various other States, he correctly announces this rule (p. 282) : "We deduce from the law that the prosecutrix is corroborated whenever there are any facts or circumstances that tend to show that the defendant committed the offense, and that whenever the court attempts to enlarge upon this rule by laying down a rule as to what particular issues of the case shall be corroborated, it is in error."

Again, it is unquestionably the law of this State, uniformly so held in all the decisions passing on the question, as said by Judge Ramsey in the Nash case, supra (267-8) : "It can no longer be doubted that it is the law that both the act of intercourse and the promise of marriage can be established by circumstantial evidence. No lawyer can, as I conceive, give any reason why the law of circumstantial evidence should not apply in cases of seduction as well as in cases of murder or theft."

Again, as said by this court in Curry v. State, 68 Texas Crim. Rep., 262, 151 S. W. Rep., 319: "The law is that the testimony of the injured party in cases of this character does not have to be corroborated in each and all of the necessary elements of the offense, and that the corroborative evidence may be slight, and that the requirements of the statute are fufilled if there be any corroborating evidence which, of itself, tends to connect the accused with the commission of the offense. Such corroboration only is necessary as is sufficient to satisfy a jury, beyond a reasonable doubt, of the truth of the charge, in connection with the testimony of the accomplice. Nourse v. State, 2 Texas Crim. App., 304; Jones v. State, 4 Texas Crim. App., 529; Tooney v. State, 5 Texas Crim. App., 163; Simms v. State, 8 Texas Crim. App., 230; Clanton v. State, 13 Texas Crim. App., 139; Moore v. State, 47 Texas Crim. Rep., 410, 83 S. W. Rep., 1117; Nash v. State, 61 Texas Crim. Rep., 259, 134 S. W. Rep., 709; Williams v. State, 59 Texas Crim. Rep., 347, 128 S. W. Rep., 1120; Bost v. State, 64 Texas Crim. Rep., 464, 144 S. W. Rep.,

589; Murphy v. State, 65 Texas Crim. Rep., 55, 143 S. W. Rep., 616.
. . . This must necessarily be the law and the proper construction
of the statute in cases of this character; for acts of intercourse between
persons are always as secret and private as can be, and under such cir-
cumstances as the parties believe will prevent their detection or even
suspicion at the time. Also, engagements of young persons to marry
are made in private and in secret between them; and very generally, if
not entirely, the fact of engagement, for at least some length of time, is
kept as privately and secretly between them as can well be. Therefore
proof, in the nature of these things, generally can not be made other than
by the testimony of the accomplice, corroborated by such circumstances
as to time and place, opportunity, and the course of dealing or treatment
between the parties along about the time, . . . and such like
matters."

The court gave a correct charge that Miss Weems was an accomplice
and required her testimony to be corroborated in accordance with the
statute. The charge given by the court is a standard one and has all the
time been held amply sufficient by the decisions of this court.

Appellant made no specific objection to this charge of the court, ex-
cept in that he requested, and the court refused to give, the following
charge:

"Should you find from the evidence that the prosecuting witness,
Minerva Weems, testified that she received from the defendant a letter,
which has been introduced in evidence before you, and you should further
find that no other witness testified that the defendant wrote and mailed
said letter, and the State must rely alone upon the testimony of the said
Minerva Weems for the purpose of showing the defendant wrote said let-
ter, then, and in that event, you are instructed that said letter would not
be sufficient within itself, and alone to corroborate the testimony of the
said Minerva Weems, and to warrant a conviction of the defendant. In
other words the law requires that the prosecuting witness, Minerva
Weems, shall be corroborated by other testimony than her own, and by such
testimony as tends to connect the defendant with the commission of the
crime, with which he is charged, and if no other witness in the case
testified that the defendant either wrote or mailed said letter than the
said Minerva Weems, then, and in such event, the letter within itself
and alone, would not furnish the corroboration, which the law requires
in order to warrant a conviction of the defendant. Counsel for the de-
fendant requests the above special charge."

Miss Weems, in her testimony, produced and identified a letter to her
which she said was written by appellant. It was dated June 17, 1911,
and addressed her as, "Dear Wife." As stated by appellant, in his brief,
this letter contained expressions of love and used many endearing terms
to Miss Weems, "but there is nothing in said letter which can be distorted
into a declaration that the defendant admitted having intercourse with
the prosecutrix." The main, if not the only thing, the letter would tend
to show was that appellant was the accepted suitor of Miss Weems and to

show that they were engaged to be married. There are not only many facts and circumstances testified to by witnesses other than Miss Weems which tend to show that appellant was engaged to be married to her at this time, but Miss Weems' sister, Mrs. Slater, testified positively that appellant had made repeated statements to her with reference to his and her sister's engagement to be married; that he would tell her that they were going to marry; that when she would get after him about some little thing, he would tell not to worry about it that they were going to marry. It was shown by Mrs. Slater and her father, Mr. Weems, and at least two of their neighbors, Mr. Looney and Mr. Horton, that along about this time appellant was a very frequent and practically a constant visitor of Miss Weems at her home and accompanied her practically exclusively to parties, church and other public gatherings. No one disputed that this was a fact along about this time. Miss Weems said the first act of intercourse of appellant with her was in September, 1911, and all this testimony as to his promise to marry this girl was very shortly prior and practically up to the time she said he first had intercourse with her. So that, as said by appellant, nothing in said letter could be distorted into a declaration or admission by him that he had had sexual intercourse with said girl prior to that time. It is true that no one other than Miss Weems testified that appellant wrote and mailed said letter, but there is not only positive testimony, as shown above, that appellant was at that time engaged to be married to Miss Weems, but the fact that this relationship existed between them would of itself be a strong circumstance to show that appellant did write and mail this letter to her. By appellant's said special charge it will be seen that he expressly excluded any and all circumstantial evidence going to show that he wrote that letter. This is emphasized both in the first and latter part of this charge.

It is unquestionably the law of this State that the court can not pick out one item of evidence going to establish any state of facts when there are also others and charge on that one item. Such a charge would unquestionably be upon the weight of the evidence, and the court can no more do that against the State than it can against an accused. Hahn v. State, 73 Texas Crim. Rep., 409, 165 S. W. Rep., 218. And as said by Judge McCord in Nash v. State, supra, it is error for the court to pick out one item or fact or circumstance of evidence which tends to corroborate the prosecutrix in a seduction case and charge upon that alone, but, as he states, the whole matter should be submitted to the jury together, and the court can neither enlarge nor restrict the rule.

Appellant cites and relies especially upon Bishop v. State, 68 Texas Crim. Rep., 559, 151 S. W. Rep., 821, and other cases cited by him. We think the Bishop case, and none of the others are applicable to this case, for in the Bishop case especial attention is called to the fact that there was no other fact or circumstance in that case corroborating the prosecutrix and the court correctly held that under such circumstances she could not corroborate herself by testifying that appellant wrote her a

certain letter which would, or might, corroborate her. The facts of this case show that the prosecutrix herein was corroborated not only by positive but by considerable circumstantial evidence in many particulars on the issue for which the letter was admissible in this case. The court did not err in refusing appellant's said special charge.

It was unquestionably shown that the prosecutrix, Miss Weems, had a baby born to her on May 24, 1913, and the doctor shows that while nine months is the usual period of gestation, still a woman fifteen to seventeen years old, with her first child, as prosecutrix was, will go into labor a week or ten days, or possibly two weeks earlier,—that much time less than nine months. The unquestioned fact that Miss Weems had a baby corroborates her that some man had sexual intercourse with her. She testified positively that appellant was the father of this child and that she at no time had had sexual intercourse with any other than appellant. Her conception, therefore, could have occurred in the early part of August, 1912. Appellant introduced much testimony tending to show that he was absent from Cisco, where he and prosecutrix lived, at work from the 14th or 15th of August for some weeks practically continuously. Miss Weems testified positively that even while he was away he was back to see her repeatedly, every Sunday except one, during August, and at each time had sexual intercourse with her. The evidence not only does not exclude the idea that he was away from Cisco where this girl was at the time she said he had sexual intercourse with her, but from the evidence, it is clear that he could have been there and could have had sexual intercourse with her, as she claimed, both before he left, on the 14th or 15th of August, and on his several returns during August and was the father of her child. Appellant also introduced much testimony showing that along about this time, August and September, 1912, others than himself were with Miss Weems and had the opportunity to have intercourse with her and there was some testimony which tends to show that that was a fact, but the court properly submitted all these questions to the jury in proper charges, and they have found all of them against appellant and in favor of the State.

Taking the testimony as a whole, it clearly shows that Miss Weems, the prosecutrix, was unquestionably corroborated, both by positive testimony and many circumstances, and authorized the jury to find that appellant and no other had sexual intercourse with her and was the father of her child, and that he was engaged to be married to her and promised to marry her and that she yielded to him alone because of and relying upon his promise to marry her.

No reversible error is shown in this case and the judgment is affirmed.

*Affirmed.*

Vol. 74 Crim.-16.

ON REHEARING.

June 26, 1914.

PRENDERGAST, Presiding Judge.—We showed in the original opinion that in the crime of seduction while the seduced girl is an accomplice, she does not have to be corroborated on each of the requisites of seduction. In other words, the corroboration is in accordance with the law if she "is corroborated by other evidence tending to connect the defendant with the offense charged." As shown in the original opinion, the court gave a full and correct charge on that subject. In discussing the fact that appellant made "no specific objection" to the court's charge on that subject, we did not intend by that to mean that he made no objection to the court's charge as a whole in omitting to charge about the letter. We quoted his special requested charge on that subject which was the point made by him on that subject. He did object to the omission of the court to charge—his language is, "and the charge of the court is insufficient on account of this omission." No point was made in the original opinion that he lost or waived anything by not specifically objecting to the court's charge on accomplice. On the contrary, his charge and objection that it was not given or that the court omitted to charge on the point, was fully considered and passed upon in the original opinion.

In discussing the time at which the conception of Miss Weems occurred we incorrectly stated that it "could have occurred in the early part of August, 1912." We should have said in the latter part of August, 1912, or early part of September. This mistake does not affect the question discussed and decided. The jury had ample evidence before it to believe that the appellant had sexual intercourse with the girl on Sunday, August 25th and September 1st and 8th, 1912, and the period of gestation, as shown by the doctor, could have been completed on May 24, 1913, if she conceived on either of these Sundays.

We adhere to the original opinion in holding that the appellant's said special charge should not have been given under the facts and circumstances of this case. And that the evidence was amply sufficient to sustain the conviction, and that the seduced girl was sufficiently corroborated.

The motion is overruled.

*Overruled.*