ARTHUR KLEPPER v. THE STATE.

No. 5616.   Decided February 18, 1920.

Rehearing granted June 25, 1920.

**1.—Seduction—Requested Charge—Corroboration.**

Where upon trial of seduction there was sufficient corroboration of prosecutrix, the court correctly refused a requested charge to return a verdict of not guilty.

**2.—Same—Requested Charge—Weight of Evidence.**

A requested charge that the fact of continuous association between the accused and the prosecutrix, is not sufficient evidence to corroborate a promise of marriage was a charge on the weight of the evidence, and was correctly refused.

**3.—Same—Requested Charge—Declarations of Prosecutrix—Subsequent Declaration—Seduction.**

·  A charge requested by defendant, that no acts, statement or declaration of the prosecuting witness subsequent to the alleged seduction could be considered by them as corroborating her testimony, was correctly refused in the instant case.  Distinguishing Barnard v. State, 76 S. W. Rep., 475.

**4.—Same—Requested Charge—Chastity of Prosecutrix.**

Where nothing appeared in the evidence to suggest any reflection upon the chastity of the prosecutrix or that she consented to the carnal act from anything other than her affections and her reliance upon defendant's promise to marry her, the court correctly refused a requested charge that if the intercourse resulted from lust, etc., to acquit the defendant.  Distinguishing Muhlhause, 56 Texas Crim. Rep., 288.

**5.—Same—Requested Charges—Charge of Court.**

There was no error in the refusal of the court to give requested charges which were either contained in the main charge or did not correctly represent legal theories.

**6.—Same—Charge of Court—Bill of Exceptions—Invited Error.**

Where there was no error against the defendant in that portion of the court's charge. to which the defendant objected, and, if erroneous, was upon the invitation of the defendant, there was no error.

**7.—Same—Charge of Court—Fixed Time For Marriage.**

Upon trial of seduction there was no error in the court's charge that it would be immaterial that no definite time was fixed or agreed upon for the marriage of the parties.

**8.—Same—Accomplice—Charge of Court—Corroboration.**

·  Where upon trial of seduction, the court correctly charged on accomplice's testimony and a corroboration of the testimony of prosecutrix, there

was no reversible error. Following Wright v. State, 31 Texas Crim. Rep., 354.

#### 9.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.

Where the argument of State's counsel was not an allusion to appellant's failure to testify, there was no reversible error.

#### 10.—Same—Sufficiency of the Evidence—Corroboration.

Where upon trial of seduction the testimony of the prosecutrix was sufficiently corroborated, and the evidence otherwise sufficient to sustain the conviction, there was no reversible error on that ground. Following Nash v. State, 61 Texas Crim. Rep., 269, and other cases.

#### 11.—Same—Rehearing—Argument of Counsel—Birth of Child.

The birth of a child, in trials for seduction, is not corroborative of any fact except that the prosecutrix has had carnal knowledge of someone, and it was therefore improper that the county attorney, in his argument to the jury, to state that the prosecutrix was corroborated by the birth of said child. Following Stapp v. State, 144 S. W. Rep., 941, and other cases, and the judgment is therefore reversed and the cause remanded.

Appeal from the District Court of Wise. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of Seduction; penalty, five years imprisonment in the penitentiary.

*Ford & Ratliff*, for appellant.—On question of insufficiency of corroboration: Bailey v. State, 30 S. W. Rep., 669; Snodgrass v. State, 31 id., 366; Smith v. State, 124 id., 919; Barnard v. State, 76 id., 475; Keaton v. State, 83 id., 911.

On question of argument of State's counsel: Vicars v. State, 154 S. W. Rep., 578.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Wise County, of the offense of seduction, and his punishment assessed at five years in the penitentiary.

We are first confronted with the contention that appellant's special charge No. 3 should have been given. Said charge was in effect a peremptory instruction to the jury to return a verdict of not guilty, because of lack of corroboration of the alleged injured female. The trial court correctly refused said charge.

Another contention made was that the trial court should have given special charge No. 6. Said charge was to the effect that the fact of continuous association between the accused and the prosecutrix, is not sufficient evidence to corroborate a promise of marriage. This requested charge was on the weight of the evidence, and does not present a correct proposition of law.

Refusal to give special charge No. 9, is also complained of. Said charge appears to be a copy of one held proper in the Barnard case, 76 S. W. Rep., 475, but it is not shown that the facts in said case are similar to those in the instant case, nor does it appear what other charges were given by the trial court on the question of corroboration, in the Barnard case. In the instant case, it was sought to have the jury told that no act, statement, or declaration of the prosecuting witness, subsequent to the alleged seduction, could be considered by them as corroborating her testimony. This may have been correct, as applied to the facts in the Barnard case, but it is not correct as a general proposition of law, nor as applied to the facts in the instant case. For instance when it is shown that the injured female becomes pregnant, and in that condition, and subsequent to the seduction, goes to the accused and discusses her condition with him, and charges him with being her seducer, such fact is testimony which would be corroborative if given by other witnesses, and the fact that same were her acts, declarations, and statements, occurring after the seduction, would neither deprive them of due weight nor competency. The trial court properly refused this requested charge.

Complaint is also made of the refusal to give special charge No. 2, which was as follows:

"Gentlemen of the Jury: You are charged as a part of the law of this case, at the request of the defendant, and you will consider the same as such, the same of the court's main charge as herein given you.

If you believe from the evidence beyond a reasonable doubt that the defendant did have intercourse with the prosecutrix, but that said prosecutrix did not rely solely upon the absolute promise to marry, but that she was moved to let the defendant have the alleged sexual intercourse with her, if any, through lust, then it is your duty to acquit the defendant, although you should believe that a promise of marriage was then made and was part, though not the sole and only reason of inducement."

The Muhlhause case, 56 Texas Crim. Rep., 288; 119 S. W. Rep., 866, is cited as authority to support the correctness of this requested instruction. An inspection of that case discloses, that a number of special charges were asked and refused—among them one somewhat similar to the charge under discussion. The Muhlhause case was reversed for errors in the main charge, and for the refusal of other charges, than the one similar to appellant's special charge No. 9, but we find no expression from the court in the opinion in said case, to the effect that failure to give the charge claimed to be similar to the one under discussion, was reversible error. The facts in the Muhlhause case, as coming from the State's witnesses themselves, strongly supported the theory that the alleged intercourse was not obtained by the promise to marry, and that the prosecuting witness was previously unchaste. No such facts appear in this record. According to the uncontradicted evidence of the prosecutrix, appellant began to go

with her in May, 1916, became engaged to her in June, 1917, and in August, 1917, by his protestations of affection and promises to marry her, induced her to yield to him. Nothing appears to suggest any reflection upon the chastity of the prosecutrix, or that there was any condition of consent on her part, or that her assent to the carnal act resulted from anything other than her affection for appellant and her reliance upon his promise to marry her.

We find no error in the refusal of the court to give special charges Number 1, 3, 5, 7 and 8. Such of said charges as presented correct legal theories, were covered by the main charge of the trial court.

Appellant's bill of exception No. 1, complains of that part of the main charge, as follows: "If you believe from the evidence that defendant had carnal knowledge of the prosecuting witness Zelma Perry, yet before you can convict him you must believe from the evidence that he procured such intercourse and caused the prosecutrix to yield her virtue to him, if she did so, by his promise to marry her and not in whole or in part through lust or passion, and if you have a reasonable doubt as to this you will acquit the defendant, and say by your verdict "Not Guilty."

We find no error against the appellant in that portion of the charge quoted. If erroneous it would be invited error as it was substantially the same as special charge No. 2, requested by appellant, and set out above.

Appellant excepted to the giving of the following part of the main charge, to-wit: "If you believe from the evidence that the defendant by promise of marriage seduced the witness, Zelma Perry, and had carnal knowledge of her, it would be immaterial that no definite time was fixed or agreed upon for their marriage, if you find they were engaged to be married."

To our minds, the said charge correctly stated the law. We know of no authority which holds that as a condition precedent to seduction, the time or place for the marriage must have been agreed upon or fixed by the parties.

Appellant further excepted to the court's charge on accomplices, that part specially objected to being as follows: "You are instructed, however, that corroborative evidence need not be direct and positive, independent of the prosecutrix Zelma Perry's testimony, but such facts and circumstances if any, as tend to connect the defendant with the offense charged and tend to support her testimony and which satisfy the jury that she is worthy of credit as to the facts essential to constitute the offense of seduction, as hereinbefore defined to you, will fulfil the requirements of the law as to corroboration. It is for you to say from all the facts and circumstances in evidence before you, whether she has been sufficiently corroborated."

In Wright v. State, 31 Texas Crim. Rep., 354, this Court, in its opinion, uses almost the exact language embraced in the part of the charge here objected to. We there said: "As to the sufficiency of the

testimony, we think the witness is amply corroborated as to the promise of marriage and the illicit intercourse.　Corroborative evidence need not be direct and positive, or such evidence as is sufficient to convict, independent of that of the prosecutrix, but simply such facts or circumstances as tend to support her testimony, and shall satisfy the jury that she is worthy of credit.　And when there is other testimony fairly tending to support the prosecutrix upon facts essential to constitute the offense, it is for the jury to say whether she is corroborated.''

This holding was approved by us in Creighton v. State, 61 S. W. Rep., 492; see also the Nash case, 61 Texas Crim. Rep., 269.　We are unable to find any error in this part of the court's charge.

It is also insisted that the statement of the county attorney, in his argument, to the effect that the ''court tells you gentlemen of the jury that before you can convict, you must believe this woman's testimony is true.　'What is there to contradict it'?'' We do not think this such reference to appellant's failure to testify, as transgresses the inhibition of the statute.　Nor. does the fact that the Assistant County Attorney stated to the jury that no testimony had been offered by the appellant to contradict that of the State, violate said rule.　It was true that no testimony was offered by the appellant from any source, and that fact was legitimate for comment by the State's attorney.

Complaint is also made by bill of exceptions No. 7, that the court refused to give special charge No. 4, relating to argument of the State's attorneys, said charge being as follows: ''Gentlemen of the Jury:　In reference to the argument of Mr. Lobdell herein, you are instructed as a part of the law of this case, that the fact a child was born to the prosecutrix is not corroborative evidence that the defendant was the father of said child, or that he had intercourse with her, causing birth of the same.''

There appears nothing in said bill which in any way shows what the argument of Mr. Lobdell, the assistant county attorney, was, or that same invited, or made proper or necessary, such requested charge, and we do not think the trial court would have been justified in giving said charge, except to meet some improper use before the jury of the fact that prosecutrix had given birth to a child.

Nor can we agree that there is no corroboration of the prosecutrix in this case.　By the terms of Article 789, of Vernon's C. C. P., the only corroboration that is required is that there be evidence other than that of the prosecutrix, which tends to connect the defendant with the offense charged.　This opens a field as wide as one can imagine, leaving it to a fair judgment as to whether or not there be evidence in a given case which, independent of that of the prosecutrix, tends to show that the accused is guilty.　When an unfortunate situation develops, such as appears in the instant case, with regard to a young woman, it seems not unreasonable that the first and natural inquiry would be as to what man has been most frequently with her,

and who would appear from ordinary observation, to have enjoyed most of her favors, and if this inquiry be met by proof that some one particular individual has been most frequently with her for quite a while, and on more than usual terms of intimacy with her, this fact would appear to tend to show him to be the party responsible.

In addition to much testimony showing continued association and visits on the part of appellant, a significant fact is testified to by the sister of prosecutrix, who says that some time after prosecutrix's condition had become known, she went with her sister to where appellant was at work in a field. The sister stayed at the fence, while prosecutrix went out into the field and talked to appellant fifteen or twenty minutes; and as she says, charged him with the paternity of her child, and demanded that he marry her; that he attempted to get her to go to Ft. Worth and enter a house, and said that he would pay her expenses; and she refused and demanded that he marry her; that he told her he would not; that other persons than himself had had intercourse with her, and she told him that he lied and demanded to know the name of any other person whom he claimed to have been intimate with her, and said that she would go with him and face such person; and that while they were talking, he observed that his mother and sister, from some point of observation, were looking at them, and told her to go down a certain gully, out of sight, and back home that way, and prosecutrix did as he requested.

The sister testified that when prosecutrix did not come back to where she was, she started through the field following her, and that the appellant stopped her and asked her what the prosecutrix meant "by all this," and witness replied that she supposed he ought to know more about it than any one else, and he said "Well, does her pa and ma know that?" Witness replied that her mother did, and she supposed her father did by this time, and she says that appellant dropped his head and never said another word. She further stated that he was nervous and trembling, and red in the face.

In the Knight case, 64 Texas Crim. Rep., 541, this Court held that the fact that the accused stood mute and silent in the face of implied accusations in statements made in his presence, imported his inability to deny such accusations. In the instant case, shortly after the prosecuting witness had recounted to appellant the story of her wrong, he asked her sister what prosecutrix meant by all this, and the sister replied, "you know better than any one else," and he stood mute and silent, nervous and trembling, in the presence of this accusing girl. Evidently he thought she knew the whole story; she came there with prosecutrix; she stood a little distance off while they talked, and when she charged him with knowledge above all others with what he meant by "all this," he had no denial to make.

There is no line or rule fixed, or possible to be fixed, as to what is sufficient corroboration. It is a question for the jury, and as said by this Court in the Wright case, *supra,* and the Creighton case, in an

opinion by the learned presiding judge of this Court, "It is simply such facts or circumstances as tend to support prosecutrix's testimony, and shall satisfy the jury that she is worthy of credit."

This question has so often been discussed by this Court that we do not feel that we can add to what has been said. See Nash v. State, 61 Texas Crim. Rep., 259; Bost v. State, 64 Texas Crim. Rep., 464, 144 S. W. Rep., 389; DeRossett v. State, 74 Texas Crim. Rep., 235, 168 S. W. Rep., 531; Slaughter v. State, 86 Texas Crim. Rep., 271, 218 S. W. Rep., 767.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

## ON REHEARING.

### June 25, 1920.

LATTIMORE, JUDGE.—This case is before us on appellant's motion for rehearing. Upon a more careful consideration, we have concluded that the motion must be granted. Appellant's 14th bill of exceptions sets out certain remarks of the Assistant County Attorney, in his argument to the jury, which are as follows: "Who is responsible for her fallen condition? We say the defendant and no other, because when the State rested its case, the defendant offered no testimony. . . . I say there is no testimony except as offered by the State . . . Talk about fulfilling the promise: She is absolutely uncontradicted. There is no evidence here to impeach her virtue. The greatest corroboration, the highest, is the little one! Ask me for corroboration! that infant that was born on the 28th day of May"—.

In addition to his bill of exceptions to this argument, appellant presented to the trial court his special charge, set out in our former opinion, to the effect that the fact that a child was born to prosecutrix, was not corroborative evidence that appellant was the father of the child, etc. We overlooked the attitude toward each other, of this charge and the matters embraced in the 14th bill of exceptions *supra;* and now conclude that the said argument was improper, and that said charge should have been given. We have held in several cases that the birth of a child is not corroborative of any fact except that the prosecutrix has had carnal knowledge of some one. It was improper to state to the jury that she was corroborated by said child. Stapp v. State, 65 Texas Crim. Rep., 331, 144 S. W. Rep., 941; Woolley v. State, 96 S. W. Rep., 27; Gray v. State, 43 Texas Crim. Rep., 300; Barnes v. States, 37 Texas Crim. Rep., 329.

The motion is granted, the affirmance set aside, and the cause remanded for a new trial.

*Reversed and remanded.*