JOHN GERBER v. THE STATE.

No. 6048.　Decided April 20, 1921.

Rehearing denied June 24, 1921.

1.—Theft—Evidence—Conspiracy—Principals, Guilt of, Must be Shown.

Upon trial for theft, in which defendant was charged as an accomplice
with several others who were principals, there was no error in admitting
testimony showing the negotiation that took place between the party injured
and defendant's principals, in his absence, as it was essential that the State
prove the guilt of the principal offenders named in the indictment.　Follow-
ing Cox v. State, 8 Texas Crim. App., 256, and other cases.

2.—Same—Severance—Principals—Dismissal.

Upon trial of theft of defendant as an accomplice, in which several of
his principals were indicted and in which the defendant made his applica-
tion for severance of one of them, but the record showed that the prosecu-
tion against him was dismissed, there was no error in overruling the appli-
cation for severance.　Following Jones v. State, 85 Texas Crim. Rep., 538.

3.—Same—Evidence—Other Transactions—Identification—Conspiracy.

Where defendant was indicted as an accomplice for theft with others as
principal, there was no error in admitting testimony that when defendant
was arrested he was in company with the same conspirators who were charg-
ed with the offense in the instant case, and was acting with them in en-
deavoring to perpetrate a similar fraud and using the same means.

4.—Same—Indictment.

Where upon trial of theft as an accompice, the indictment was sufficient,
there was no error in overruling a motion to quash.

5.—Same—Sufficiency of the Evidence—False Pretenses.

Where, upon trial of theft as an accomplice, the evidence showed that
the money obtained by defendant's principals was not lost in a gambling
transaction, or device, but that possession of it was fraudulently obtained by
false representation of fact, etc., there was no error to refuse to submit a
requested charge upon the proposition that the transaction was a gambling
device.　Following Baker v. State, 7 Texas Crim. App., 613, and other cases.

6.—Same—Declarations of Co-conspirators—Rule Stated—Rehearing.

The acts and declarations of co-conspirators made in pursuance of a
common design and prior to the commission of the offense, may always be
admitted in evidence, regardless of whether same are made in the presence
of the accused or not.

7.—Same—Rehearing—Evidence—Rebuttal—Declarations of Defendant.

Where, upon trial of theft by false representation, the defendant claimed
that he was secretary of a certain cotton exchange, there was no error in

permitting the State to show that defendant was not an employee of such exchange and show the falsity of the defendant's statement to the party injured.

#### 8.—Same—Sufficiency of the Evidence.

Where upon trial of theft by an accomplice, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of theft as an accomplice; penalty, ten years' imprisonment in the penitentiary.

The opinion states the case.

*McLean, Scott & McLean,* for appellant.—On question of other transactions: State v. Parker, 75 S. W. Rep., 30; Tate v. State, 151 id., 825.

*Alvin M. Owsley,* Assistant Attorney General, and *Jesse Brown,* District Attorney, for the State.

MORROW, Presiding Judge.—Conviction is for accomplice to theft; punishment fixed at confinement in the penitentiary for ten years.

The injured party was Norfleet. He resided in the northern part of the State and there owned a tract of land. In a hotel in the City of Dallas he was introduced by one Miller to a man named Spencer. Miller was also a stranger. Spencer told Norfleet that he was representing parties who wanted to buy land in Texas, and after negotiations entered into an engagement with a view to purchasing Norfleet's land. While they were conversing, a pocket-book was found by Norfleet, and in it were various papers and a sum of $240 in money. By data contained in the book, it was identified as belonging to a man named Stetson, who was found on inquiry to be an inmate of the hotel. He, upon receiving the pocket-book, expressed great delight and offered a large reward, and finally induced Norfleet to engage in certain supposed stock speculations, which culminated first in the loss of $20,000 and later of $25,000 by Norfleet. Stetson claimed to be operating for persons in New York and, to have inside information upon which large sums of money could be made by them, and claimed that he had identifications papers by which he could conduct operations in the cities of Dallas and Fort Worth, Texas. In the course of the transaction, there were exhibited to Norfleet by Stetson and Spencer large sums of money. A man by the name of Ward, acted with Stetson and Spencer and impersonated the Secretary of the Dallas Stock Exchange and the appellant fraudulently impersonated the Secretary of the Fort Worth Stock Exchange. The representations concerning the investments were false and Norfleet's money was stolen, possession having been obtained by false pretenses.

The appellant is charged as an accomplice of Stetson and Spencer in the theft of the sum of $25,000. Miller, it appears, was also indicted for it, and the appellant complains of the court's refusal to order a severance to the end that Miller might be first tried and his testimony be available to the appellant. The bill, as qualified, shows that the prosecution against Miller was dismissed. His testimony was thereby available. Code of Crim. Procedure, Art. 791-792; Jones v. State, 85 Texas Crim. Rep., 538.

Several bills complained of the refusal of the court to exclude the testimony showing the negotiations which took place between Norfleet and Stetson, Spencer, Ward and Miller in the absence of the appellant. It was essential that the State prove the guilt of the principal offenders named in the indictment. The transactions and declarations of Stetson and Spencer showing their guilt were properly received. Branch's Ann. Tex. Penal Code, Sec. 725; Parker v. State, 24 Texas Crim. App., 61; Arnold v. State, 9 Texas Crim. App., 438; Sapp v. State, 87 Texas Crim. Rep., 606, 223 S. W. Rep., 468; Cox v. State, 8 Texas Crim. App., 256. The part of these transactions and declarations which related to the theft of the $20,000 item were relevant and admissible as bearing upon the guilt of the principals and was properly limited to that purpose by the court's charge.

Appellant, when arrested in California, was in company with the same conspirators who were charged with this offense, and was acting with them in endeavoring to perpetrate a similar fraud, using the same means, including the pocket-book and papers which were used in deceiving Norfleet. The court did right in admitting testimony to these facts to identify the appellant with the transaction embraced in the indictment and having, at the request of appellant, in a special charge, confined to that purpose, complaint of the action of the court in admitting the testimony is, in our judgment, without merit.

The sufficiency of the indictment is assailed. The fourth count alone was submitted to the jury. We have before us no brief for the appellant, and in our examination of the indictment in the light of the motion to quash, we have been unable to discern that it fails in any particular to fulfill the requirements of the law. To set it out would serve no useful purpose, suffice it to say that we discover in it no departure from the approved forms.

Objections urged against the charge of the Court are mainly addressed to the proposition that the evidence fails to sustain the conviction of the principal offenders for the reason that the transaction in which Norfleet lost his money was a gambling transaction. The evidence, on the contrary, we think, shows that the money was not lost in a gambling transaction or device, but that possession of it was fraudulently obtained by false representation of fact, and the possession thus acquired was made use of to appropriate the money to the use of Stetson and Spencer; that the devices and representations used to deceive Norfleet were conceived and agreed to by Stetson, Spencer and

others, including the appellant. The appellant, having knowledge of the unlawful end to be attained, having aided and encouraged it, adopted that part, if any, which had preceded his entry into the scheme. Baker v State, 7 Texas Crim. App., 613; Harris v. State, 31 Texas Crim. Rep., 414; Branch's Ann. Tex. Penal Code, 693.

The evidence is sufficient and the procedure regular.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### June 24, 1921.

LATTIMORE, JUDGE.—In his motion for rehearing appellant complains that we erred in upholding the action of the trial court in admitting in evidence the statements of various parties who were claimed by the State to have been co-conspirators with appellant in the commission of the offense. The charge under which appellant was convicted was that of being an accomplice, and the acts and statements of his co-conspirators complained of were those which took place anterior to the commission of the offense. The rule seems well settled that acts and declarations of co-conspirators made in pursuance of the common design and prior to the commission of the offense, may always be admitted in evidence, regardless of whether same are made in the presence of the accused on trial, or not. This observation is made in addition to the statement in our original opinion that the evidence was admissible as tending to show the guilt of the principal offenders.

It is again urged that we were in error in holding correct the action of the trial court in permitting witness Wooten to testify that he was secretary of the Fort Worth Grain and Cotton Exchange in 1919, and that the defendant, Gerber, was not an employe of such exchange. It was in testimony and a part of the State's case that appellant represented himself to the injured party as secretary of the Fort Worth Exchange. It was the claim of the State that there was no such institution as the Fort Worth Exchange, but that it was the purpose of appellant to mislead the injured party into believing the former to be a *bona fide* officer of an exchange in the City of Fort Worth. We think the evidence of witness Wooten admissible for the purpose of showing or tending to show the falsity of the appellant's statements and representations to Norfleet, the injured party, relating to the character and employment of appellant.

There is also complaint of the fact that we held the evidence sufficient to support the verdict. We do not think it necessary to further discuss said matter as it was gone into in the original opinion. We are unable to say that the false representations made by the confederates and co-conspirators of appellant had no influence and were of no effect in inducing Norfleet to part with his money, because of the fact that

at some stage in the transaction Norfleet became suspicious and demanded of one of said co-conspirators the return of the $25,000 belonging to Norfleet and which he had delivered to said confederate, and that by apparent frankness and acquiescence at said time the suspicions of said Norfleet were allayed, and said confederate was permitted to keep and appropriate said money.

We have reviewed the case in the light of the motion for rehearing, but find ourselves unable to conclude that our former disposition was wrong, and said motion is therefore overruled.

_Overruled._